IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION | MDL No. 3026 |
| | Master Docket No. 1:22-cv-00071 |
| This Document Relates to: | Case No. 1:22-cv-02001 |
| *Deondrick Brown, Sr., Individually and on behalf of the Estate of D.B.; and Rebekah Etienne, Individually and on behalf of the Estate of D.B. v. Abbott Laboratories, Inc., et al.* | Hon. Rebecca R. Pallmeyer |
| | JURY DEMAND |

**ABBOTT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Abbott Laboratories, Inc. hereby moves pursuant to Federal Rule of Civil Procedure 56(a) and Local Rule 56.1 for summary judgment on all counts in Plaintiffs' Complaint. In support, Abbott states as follows:

1. Just like in *Mar*, there is no genuine dispute as to any material fact, and Abbott is entitled to judgment as a matter of law on Plaintiffs' failure-to-warn and design-defect claims, along with Plaintiffs' derivative claim for loss of consortium.

2. The failure-to-warn claim fails because Plaintiffs have no credible argument that their proposed warning—that "human milk has a lower risk of NEC than formula" (*Mar* Dkt. 96 at 18)—would have changed anything. The treating physicians already knew that formula feeding is associated with a higher incidence of NEC than human-milk feeding—because human milk is more protective—and they also testified that nothing they have heard since then would cause them to change anything about their decision to use formula. As for the Plaintiff-parents themselves, the testimony in this case shows that the infant's mother was actually given the very warning by physicians that she now contends she wanted from Abbott—and in any event, she concedes that she did not read any product packaging from Abbott while in the NICU and

1

understandably deferred to the experts entrusted with her infant's care. As a result, there is no basis to infer "that a different warning would have led to a different outcome for [the infant]." *Mar* Dkt. 105 at 5 (on reconsideration); *see also Mar* Dkt. 96 at 19 (same effect). These undisputed facts break the causal chain and preclude liability for failure to warn—and that is to say nothing of the learned intermediary doctrine, which applies as a matter of Louisiana law and independently precludes liability on these facts.

   3. Plaintiffs' design-defect claim fails too, for reasons similar to those in *Mar*. The Louisiana Products Liability Act requires Plaintiffs to prove not only that Abbott could have avoided NEC risk by adopting a different, then-existing design but also that the costs and adverse effects of the design change would have been justified. Plaintiffs cannot make that showing. Given the "significant shortfalls in the supply of donor human milk" (*Mar* Dkt. 96 at 13), producing formula at scale using human milk instead of cow's milk has never "existed" as an option as a practical matter. La. Rev. Stat. Ann. §9:2800.56(1)). Indeed, arguing for a human-milk-based alternative design misses the entire point of cow's-milk-based formula, which is to serve as a backup for human milk when it's unavailable or insufficient—a backup that every medical expert agrees is critical. Nor can Plaintiffs show "the costs of implementing the proposed design change or the adverse effects of the design modification on the utility" of the formula, as the law requires. *Lavespere v. Niagara*, 910 F.2d 167, 181–84 (5th Cir. 1990). That would require expert testimony, and Plaintiffs don't have it. And the costs and "adverse effects" would be many; indeed, commercializing human milk—making mothers part of the supply chain by paying them, and thus taking milk away from not-for-profit milk banks and potentially the mothers' own infants—would make things worse for vulnerable infants everywhere.

2

4.     Taken to its logical conclusion, Plaintiffs' design-defect theory would remove cow's-milk-based formulas from NICUs altogether. This not only dooms Plaintiffs' claim as a matter of law but also highlights the serious public-health concerns implicated by counsel's dangerous approach to these cases.

5.     On top of these legal deficiencies, both product-liability claims fail for lack of medical causation, as further detailed in Abbott's motion to exclude Drs. Spector and Flanigan, Plaintiffs' causation experts. Simply put, Plaintiffs' experts have no proof of association, much less causation, between formula feeding and NEC on the facts of this case.

6.     In further support of its Motion, Abbott separately submits and incorporates by reference herein:

   a. Abbott's Memorandum of Law in Support of Its Motion for Summary Judgment;

   b. Abbott's Local Rule 56.1(a)(2) Statement of Material Facts in Support of Its Motion for Summary Judgment; and

   c. Exhibits to Abbott's Local Rule 56.1(a)(2) Statement of Material Facts in Support of Its Motion for Summary Judgment.

7.     As demonstrated in the foregoing, there is no genuine dispute as to any material fact, and Abbott is entitled to judgment as a matter of law on all counts.

WHEREFORE, Abbott respectfully requests that the Court enter an Order granting summary judgment in Abbott's favor on all counts, dismissing this action, and granting such other and further relief as the Court may deem just and appropriate.

Dated: August 19, 2025                      Respectfully submitted,

                                                 */s/ Linda T. Coberly*

James F. Hurst, P.C.
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-5230
james.hurst@kirkland.com
LEAD COUNSEL

Rebecca Fitzpatrick
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
rebecca.fitzpatrick@kirkland.com

Stephen V. D'Amore
Linda T. Coberly
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
sdamore@winston.com
lcoberly@winston.com

*Counsel for Defendant Abbott Laboratories, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion for Summary Judgment was served upon counsel of record on August 19, 2025 via the Court's electronic filing system.

*/s/ Linda T. Coberly*

*Counsel for Defendant Abbott Laboratories, Inc.*
